IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, :

    Plaintiff, :

    vs. :     Case No. 3:08cr173

    JUDGE WALTER HERBERT RICE

MARK RUTLEDGE, :

    Defendant. :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. #21); CAPTIONED PROSECUTION ORDERED DISMISSED WITHOUT PREJUDICE; TERMINATION ENTRY

---

By Entry filed on August 6, 2009, this Court set forth its calculations under the Speedy Trial Act ("Act"), 18 U.S.C. § 3161, et seq., concluding that the speedy trial clock in this prosecution had expired on June 5, 2009. See Doc. #20. Thereafter, Defendant filed a motion, requesting that the Court dismiss this prosecution, with prejudice, because he was not brought to trial within the time provided by the Act.[1] See Doc. #21. The Government has filed a memorandum

---

[1]In his motion, Defendant also argues that his constitutional right to a speedy trial, guaranteed by the Sixth Amendment, was violated. The Supreme Court has held that the question of whether a criminal defendant's Sixth Amendment right to a speedy trial has been violated involves "four separate enquiries: whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the

opposing the Defendant's motion in which it argues that, if the Court dismisses this prosecution, such dismissal should be without prejudice.² See Doc. #24. This Court now rules on the Defendant's Motion to Dismiss, focusing solely on the area of contention between the parties, whether to dismiss this prosecution with or without prejudice.³

"The Speedy Trial Act does not specify whether dismissal should be with or without prejudice, nor does it contain a default presumption one way or the other." United States v. Robinson, 389 F.3d 582, 586 (6th Cir. 2004). Rather, that statute

---

delay's result." Doggett v. United States, 505 U.S. 647, 651 (1992) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). The Doggett Court also noted that a delay must be presumptively prejudicial in order to trigger the speedy trial inquiry and that lower courts had held with uniformity that a delay approaching one year was presumptively prejudicial. 505 U.S. at 651-52 and n. 2. Herein, the Defendant was indicted on December 9, 2008, and filed his Motion to Dismiss (Doc. #21) on August 14, 2009, slightly more than eight months later. Simply stated, a delay of slightly more than eight months is not presumptively prejudicial. See e.g., United States v. Brown, 498 F.3d 523, 530 (6th Cir. 2007) (noting that a ten-month delay is "right at the line" of presumptive prejudice and assuming, without deciding, such a delay is presumptively prejudicial); United States v. Gardner, 488 F.3d 700, 719 (6th Cir. 2007) (delay of nine months is not presumptively prejudicial); United States v. Titlbach, 339 F.3d 692, 699-700 (8th Cir. 2003) (delay of eight months is not presumptively prejudicial). Accordingly, this Court overrules Defendant's Motion to Dismiss (Doc. #21), to the extent that it is predicted upon his Sixth Amendment right to a speedy trial.

²The Government has not challenged this Court's previous finding that the time in which to bring the Defendant to trial under the Act expired on June 5, 2009.

³The Act provides that, if a defendant is not brought to trial in the time afforded by that statute, the prosecution of him must be dismissed, leaving the District Court only with the question of whether that dismissal will be with or without prejudice. See 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant."). Therefore, given this Court's finding that the speedy trial clock expired in June, 2009, this prosecution must be dismissed, leaving the Court with the one question set forth above.

provides that, "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). Whether to dismiss a prosecution with or without prejudice is committed to the discretion of the District Court. United States v. Taylor, 487 U.S. 326, 335 (1988). This Court addresses the three statutory factors in the above order. In addition, the Court will consider one non-statutory factor, which is discussed below.[4]

The first statutory factor is "the seriousness of the offense." Herein, the Defendant is charged in the Indictment with possessing with intent to distribute at least 100 grams of heroin. See Doc. #3. The Sixth Circuit has repeatedly held that, for purposes of determining whether to dismiss a prosecution with or without prejudice, offenses involving the distribution of controlled substances are considered to be serious. See e.g., United States v. Moss, 217 F.3d 426, 431 (6th Cir. 2000) (noting that it "has categorically labeled drug offenses as serious" under § 3162(a)(2)). Therefore, this factor favors dismissal without prejudice.

When deciding whether to dismiss with or without prejudice, the second statutory factor requires that the court consider "the facts and circumstances of the case which led to the dismissal." Herein, the singular circumstance which has led to the dismissal of this prosecution is the fact that this Court ruled on the

---

[4]When deciding whether to dismiss this prosecution with or without prejudice, this Court considers only that one non-statutory factor, since neither the Defendant nor the Government has argued that the Court should consider any other non-statutory factor or factors.

Defendant's Motion to Suppress Evidence (Doc. #7) on August 6, 2009, nearly four months after the date for the filing of the last post-hearing memorandum had passed,[5] and some two months after the speedy trial clock had expired. Quite simply, this Court failed to rule on the Defendant's Motion to Suppress Evidence (Doc. #7) in prompt fashion. It bears emphasis that neither the Defendant nor the Government played a role in that delay. In United States v. Pierce, 17 F.3d 146 (6th Cir. 1994), after noting that "the delay that led to the instant Speedy Trial Act violation resulted not from prosecutorial bad faith nor from any attempt to take tactical advantage of a delay," the Sixth Circuit explained that, "[w]here there is no affirmative misconduct by either party, the court's conclusion that this second factor authorizes dismissal with or without prejudice is a matter within its discretion." Id. at 149. See also United States v. Carnes, 309 F.3d 950, 957 (6th Cir. 2002) (in affirming the decision of the District Court to dismiss the indictment without prejudice, noting, during its discussion of the second statutory factor, that "there was no evidence that the government effectuated the delay"). Of course, the Act nonetheless requires the dismissal of a prosecution when the court, as opposed to the Government, causes the delay. See e.g., Moss, supra. Dismissal, with or without prejudice, remains the issue. In Robinson, the Sixth Circuit held that an unexcused 31-day delay, "although not insubstantial, was not severe enough to warrant a dismissal with prejudice regardless of the other circumstances." 389 F.3d at 589. In the support thereof, the Sixth Circuit cited United States v. Koory, 20 F.3d 844, 848 (8th Cir. 1994), wherein the Eighth

---

[5]The Government had until April 10, 2009, in which to file a reply memorandum in opposition to the Defendant's motion.

Circuit held that "[w]e find that a 59-day delay, while not insubstantial, is not so substantial that dismissal with prejudice is mandated regardless of the other circumstances." Herein, this Court did not rule on the Defendant's Motion to Suppress Evidence, until 62 days after the period is which the Defendant could have been brought to trial in compliance with the Act.

Accordingly, under the circumstances of this prosecution, this Court concludes that, although the second statutory factor does not favor dismissal <u>without</u> prejudice, that factor, alone, does compel dismissal <u>with</u> prejudice, regardless of the other circumstances.

The third statutory factor is "the impact of a reprosecution on the administration of this chapter and on the administration of justice." In <u>Pierce</u>, the Sixth Circuit focused on two components while analyzing this statutory factor, to wit: prejudice to the defendant and prosecutorial misconduct that would need to be deterred. 17 F.3d at 149. <u>See</u> <u>also</u> <u>Robinson</u>, 389 F.3d at 589 (noting that "[t]he main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act") (internal quotation marks and citation omitted). Herein, there was no misconduct by the Government. In addition, the Defendant has not identified any actual prejudice that he suffered as a result of the delay in this prosecution, which would make his defense of this prosecution more difficult. For instance, he has not argued that witnesses disappeared as a result of the delay. He does, however, point out that he was incarcerated during that period

of delay.[6]  In Robinson, the Sixth Circuit, quoting Taylor, noted that "'inordinate delay between public charge and trial, … wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and … may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'"  389 F.3d at 589 (quoting Taylor, 489 U.S. at 340) (ellipses in the original).  Therein, the Sixth Circuit concluded that the 31-day delay therein had not caused the defendant to suffer any prejudice, even though he had been incarcerated during that period of delay, given that he had failed to state how the delay had affected his life circumstances.  Id.  Similarly, herein, the Defendant has not indicated how the delay has affected his life circumstances.  If re-indicted and convicted, he will be given credit for all allowable presentence jail time, including time spent in custody prior to the dismissal of the first indictment.

In Moss, the Sixth Circuit explained that the third statutory factor requires that a District Court also consider the impact reprosecution would have on the administration of the Act, which includes "the public interest in bringing prompt criminal proceedings."  217 F.3d at 432.  In this prosecution, those considerations certainly counsel this Court in favor of dismissal with prejudice, given that the delay herein is contrary to the public interest in bringing criminal trials promptly.

---

[6]The Defendant has since been released on an appearance bond on home monitoring, with release for approved "employment, education, religious services, medical, substance abuse, mental health treatment, attorney visits, court-ordered obligations, or other activities as pre-approved by the Pretrial Services Officer …."  Doc. #25 at 4.

Nevertheless, the Defendant has failed to identify any type of prejudice that he suffered as a result of the delay, whether to his defense of this prosecution or otherwise. Moreover, as indicated above, there was no misconduct by the Government which must be deterred. Balancing the absence of prejudice to the Defendant and lack of misconduct by the Government against the harm to the public interest in bringing trials promptly, this Court concludes that the third statutory factor is neutral on the question of whether the dismissal herein should be with or without prejudice.

In addition to the statutory factors, this Court believes that one other, non-statutory factor must be considered as part of the calculus on the issue of whether to dismiss this case with or without prejudice. On August 6, 2009, this Court, in untimely fashion, ruled on the Defendant's Motion to Suppress Evidence (Doc. #7). See Doc. #19. Rather than setting this prosecution for an immediate trial, even though the speedy trial clock had expired, the Court filed its speedy trial computation that same day, indicating that the time in which Defendant could be brought to trial under the Act had expired two months earlier. See Doc. #20. As of that date, Defendant had not brought this matter to the Court's attention, by filing a motion to dismiss or otherwise. After being so notified by the Court, the Defendant filed his Motion to Dismiss (Doc. #21). It bears emphasis that the Act expressly provides that a criminal defendant waives the ability to seek dismissal for a violation of that statute, if he fails to move for dismissal prior to trial or the entry of a guilty plea. See 18 U.S.C. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."). By informing the parties of

its opinion that the time in which the Defendant could be brought to trial had expired two months earlier, rather than merely setting the matter for trial, this Court both assured that the Defendant would not waive his right to seek dismissal under the Act, as well as acknowledging that it had allowed the speedy trial clock to expire.

In sum, the Court has found that the first statutory factor favors dismissal without prejudice, that the second statutory factor does not, in and of itself, compel the conclusion that this prosecution must be dismissed with prejudice and that the third statutory factor is neutral. Adding the non-statutory factor discussed above to that mix, this Court, exercising the discretion invested in it by the Speedy Trial Act, dismisses this prosecution without prejudice.

Based upon the foregoing, the Court sustains in part and overrules in part the Defendant's Motion to Dismiss (Doc. #21). That motion is sustained to the extent that, with it, Defendant requested that this litigation be dismissed, because he was not brought to trial within the time provided by the Act. It is overruled to the extent that Defendant sought dismissal with prejudice and as predicated upon an alleged violation of the Sixth Amendment.

The captioned cause is ordered dismissed without prejudice. Should the Government wish to re-indict the Defendant, same must be accomplished within 30 days from date.

December 21, 2009

                                        /s/ Walter Herbert Rice
                                        WALTER HERBERT RICE, JUDGE
                                        UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.